**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**at ASHLAND**

**Civil Action 09-50-HRW**

**MARGARET A. LIPKER,**                                              **PLAINTIFF,**

**v.**                              **MEMORANDUM OPINION AND ORDER**

**AK STEEL CORPORATION,**                                      **DEFENDANT.**

This matter is before the Court upon the parties' cross motions for summary judgment [Docket Nos. 12 and 13]. The motions have been fully briefed [Docket Nos. 14, 15, 16 and 17] and for the reasons set firth below, the Court finds that Plaintiff is entitled to judgment as a matter of law.

**I.     BACKGROUND**

Plaintiff Margaret A. Lipker is the surviving spouse of Frank P. Lipker, a longtime employee of Defendant AK Steel Corporation (hereinafter "AK Steel"). Mr. Lipker retired from AK Steel on January 31, 1999.   He passed away on September 7, 2008.

Mr. Lipker was a member of the Oil, Chemical and Atomic Workers International Union Local 3-523.  His union and AK Steel were parties to a Pension Agreement (hereinafter "the Plan").  The Plan provides pension benefits

for certain AK Steel employees and includes a surviving spouse benefit.

As a result of Mr. Lipker's death, Plaintiff was entitled to receive a surviving spouse benefit from the Plan. By letter dated September 19, 2008, AK Steel notified Plaintiff of her eligibility. Pursuant to the instructions of the Defendant, Plaintiff completed the necessary application and information releases in order to receive her benefit. Subsequent to her application, by letter dated November 26, 2008, Plaintiff was notified by Defendant that her monthly surviving spouse benefit would be the minimum amount, $140.00.

Believing that her benefit had been miscalculated, Plaintiff contacted her husband's union but was unable to obtain their assistance in this regard. She then began contacting AK Steel. The parties have, thus far, been unable to agree upon the proper interpretation of the Plan as it pertains to Plaintiff. Plaintiff believes that the inclusion of an offset under the Social Security Act attributable to benefits she earned based upon her own work history is warranted. AK Steel, on the hand, maintains that the Plan does not apply offsets and, thus, believes that the offset under the Social Security Act attributable to benefits she earned based upon her own work history is inappropriate.

All administrative procedures have been exhausted in this action. Plaintiff filed this lawsuit, alleging that AK has miscalculated her surviving spouse pension

benefits under the Plan.

Pursuant to this Court's Order [Docket No. 11], the parties have briefed the issues herein.

## II.    STANDARD OF REVIEW

The Plan at issue in this matter is govered by the Employee Retirement Income Security Act (hereinafter "ERISA"), 29 U.S.C. § 1132 *et. seq.*   In interpreting ERISA plans courts apply federal common law rules of contract interpretation and give effect to the unambiguous terms of the plan. *Univ. Hosps. of Cleveland v. S. Lorain Merch. Ass'n, Health & Welfare Benefit Plan & Trust,* 441 F.3d 430, 437 (6th Cir.2006).   ERISA plan provisions are interpreted " 'according to their plain meaning, in an ordinary and popular sense.' " *Cassidy v. Akzo Nobel Salt, Inc.,* 308 F.3d 613, 617-18 (6th Cir .2002) (*quoting Perez v. Aetna Life Ins. Co.,* 150 F.3d 550, 556 (6th Cir.1998)).   This Court must consider both the Plan's language as well as the intent underlying provision.   "[T]he Court's paramount responsibility in construing plan language is to ascertain and effectuate the underlying intent."   Citizens Insurance Company of America v. MidMichigan Health Connect Care Network, 449 F.3d 688, 692 (6th Cir. 2006).

## III.   ANALYSIS

There is no dispute that Plaintiff is entitled to a surviving spouse benefit

3

pursuant to the Plan.  The sole issue before this Court is the proper calculation of

this benefit.

With regard to the calculation, the Plan provides in pertinent part:

> Commencing with the first surviving spouses' benefit
> payable after the surviving spouse attains the age at
> which widow's or widower's benefits are first provided
> under a law referred to in Paragrapgh 1.1(f)[1], the amount
> of the surviving spouses's benefit otherwise payable for
> any month shall be reduced by 50% of the amount of the
> widow's or widower's benefit to which the surviving
> spouse is, or upon application would be, entitled for such
> month based upon the law in effect at the time of the
> surviving spouse's benefit first becomes payable
> (without regard to any offset or suspension imposed by
> such law).  If the surviving spouse is not eligible for such
> a widow's or widower's benefit for such month, the
> amount of the reduction shall be equal to 50% of the
> amount of the widow's or widower's benefit that could
> have become payable to the surviving spouse for such
> month, based upon a participant's wages, if the surviving
> spouse had been eligible and had applied for such a
> benefit.

[Docket No. 13-2, Plan, ¶ 4.3(d)].

Plaintiff contends that she is entitled to $463.30 per month where AK Steel

argues that she should receive $140.00 per month.  The difference between

Plaintiff's position and that of AK Steel is that Plaintiff seeks to include an offset

---

[1]     Paragrapgh 1.1(f) defines "public pension" to include payments under the Social
Security Act.

4

under the Social Security Act attributable to benefits she earned based upon her own work history. In its calculation, AK disregards this offset.

In its December 28, 2008 letter to Plaintiff, Defendant AK Steel explained its calculation. Beginning with Mr. Lipker's retiree pension of $1386.00 per month multiplied by 0.5 to arrive at $693.00, the base monthly amount of the surviving spouse benefit. From this is subtracted the amount of widow's benefit due from pursuant to the Social Security Act, which is 0.5 times $1469.00 or $734.50. When $734.50 is subtracted from $693.00, the resulting surviving spouse benefit is -$41.50. However, the Plan provides for a minimum benefit of $140.00 per month.

Plaintiff does not dispute that the calculation begins with 50% of the amount of her husband's pension, $693.00. However, she objects to AK Steel's reduction of that amount by $734.50. Instead, she states that the base amount of $693.00 should only be reduced by $229.40, which is 50% of the Social Security Widow's Benefit. Plaintiff argues that any other amounts received from Social Security are benefits earned based upon her own work history, and thus not subject to any offsets.

Although not binding upon this Court, the United States District Court for the Southern District of Ohio's opinion in *Patrick v. AK Steel Corporation*, 2008

5

WL 906052 (S.D. Ohio March 31, 2008) is persuasive as it involved virtually identical Plan language and argument.  *Patrick*  was filed as a proposed class action by two widows of former AK Steel employees.  They alleged that AK Steel had wrongfully reduced the amount of benefits due to them under the pertinent plan.  Specifically, the Plaintiffs in *Patrick* maintained that the AK Steel Plan at issue provided for a surviving spouse's benefit equal to half of their husband's monthly pension payment, reduced by one half of their Social Security widow's benefit, not to include any Social Security benefits earned by the widow in her own right.  The *Patrick* Plaintiffs further maintained, and the District Court agreed, that AK Steel arbitrarily and capriciously reduced their benefits by interpreting the language of the Plan to permit a reduction that erroneously includes one half of their entire Social Security benefit, which would include both her widow's benefit and that which she receives as her old age benefit in her own right.  *Id.*   Specifically, the *Patrick* Court reasoned,  if the widow has earned an old age benefit in her own right, that amount is not to be considered in the AK Steel's calculation of its deduction in any way, shape or form. Thus, if her own benefit is included in the Social Security widow's benefit prior to the Plan's deduction calculation, it should be excluded so that the deduction calculation will be based upon only that which she receives because she is a widow.   *Id.* at 5.

6

Applying the reasoning in *Patrick*, based upon the figures provided the parties, the Court finds that Plaintiff is entitled to a surviving spouse benefit of $463.60 per month pursuant to the Plan.

This interpretation does no violence to the Plan. AK Steel's formula, on the other hand, has the effect of punishing those spouses who worked outside of the home as well. Not only does this put working spouses in an inferior position, it results in a windfall to AK Steel as well.

## IV.   CONCLUSION

Having found Plaintiff is determined to judgment as a matter of law, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment [Docket No. 12] be **SUSTAINED** and Defendant's Motion for Summary Judgment [Docket No. 13] be **OVERRULED**.

This _17_ day of February, 2010.

_____

Henry R. Wilhoit, Jr., Senior Judge

7